Taylor, C. J.
delivered the opinion of the Court:
We take it to be very clear, that, under the circumstances of this case, it is not competent in the defendant to dispute the title of the plaintiff. As between those parties, at all events, the plaintiff is entitled to recover, because his right was been admitted by the defendant and possession taken under it. That possession he is bound to restore to the person from whom he obtained it; and cannot, with any shadow of justice, consider himself a trustee for any one, who in his conception, may have a better right to the property.
As to the assent, the general rule cannot be doubted, that where a legacy is limited over by way of remainder or executory devise, the executor’s assent to the first taker will be considered an assent to all the subsequent takers or legatees. But this rule cannot prevail, where, after the death of the first taker, the executor has a trust to perform, arising out of the property, and which cannot be performed, unless the property is subjected to his control. Here several pecuniary legacies are to be raised put of the general estate *471 after the death of the wife, and therefore at that period, all the property bequeathed to her, must of necessity return to the executor, to enable him to perform the trusts of the will; and this point was so adjudged in this Court in the case of Watson from Johnston county.